#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, Plaintiffs, | : : : : : : : : : : : |
| v. | : CIVIL ACTION NO. |
| GOLD ELEVATOR SERVICES, INC. 304 Kresson-Gibbsboro Voorhees, NJ 08043, and STEPHEN MANGOLD 304 Kresson-Gibbsboro Voorhees, NJ 08043, Defendants. | : : : : : : : : : |

### COMPLAINT
### Jurisdiction

1.  This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a). This is an action to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, to collect contributions and interest found due in a payroll audit, to enjoin the violations of the terms of the employee benefit plans and to collect the outstanding contributions from an officer individually.

### Parties

2.  The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds"). The NEI Trust

Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37). The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant. The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3. Upon information and belief, Defendant, Gold Elevator Services, Inc. ("Gold Elevator Services"), is a corporation existing under the laws of the New Jersey with offices located at 304 Kresson-Gibbsboro, Voorhees, NJ 08043. Upon information and belief, Defendant transacts business in New Jersey as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4. Upon information and belief, at all times relevant herein, Defendant, Stephen Mangold ("Mangold"), is an officer and/or owner of Gold Elevator Services, with an address of 304 Kresson-Gibbsboro, Voorhees, NJ 08043. Upon information and belief, Stephen Mangold, at all times relevant herein, exercised control and discretion over the payroll of Gold Elevator Services including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of Gold Elevator Services. As such, Stephen Mangold is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

5. Gold Elevator Services executed an Agreement with the International Union of Elevator Constructors on July 9, 2012 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by Gold Elevator Services.

6. Pursuant to its Agreement, Gold Elevator Services agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Agreement.

7. Paragraph 7 of the 2012 Agreement states: "The Employer hereby adopts and agrees to be bound by the written terms of the National Elevator Industry Health Benefit Plan and Declaration of Trust, the National Elevator Industry Pension Plan and Declaration of Trust, the National Elevator Industry 401(k) Annuity Retirement Plan and Declaration of Trust and the National Elevator Industry Educational Program and Declaration of Trust, and any amendments thereto, specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds."

8. Gold Elevator Services is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines"). The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

9. The NEI Funds Trust Documents provide the reporting requirements for signatory employers. Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

10. Upon information and belief, Gold Elevator Services employed certain employees covered by the Agreement during the period of January 1, 2015 through and including the present.

11. The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

12. The NEI Funds Trust Documents provide that any participating employer may be audited. Article VI, Paragraph 8 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension Fund provides as follows:

> Par. 8. <u>Audit</u>.  The Trustees may, by their designated, independent Certified Public Accountant, audit the payroll records (including payroll tax returns and all supporting records) of any Employer at the Employer's place of business.  The audit shall be conducted at any reasonable time during the business hours of the Employer.  In the event that the audit discloses that the Employer has underpaid his contributions due in an amount that is equal to or exceeds five (5%) percent of the contributions due during the audit period, then all costs associated with the audit shall be assessed against the Employer.  If there is less than a five (5%) percent discrepancy, then the Fund shall pay the cost of the audit.  Notwithstanding the foregoing, in any case where the Trustees have claimed in a lawsuit any amount due as disclosed by the audit, then the Employer shall be liable for all costs associated with the audit.  This right to audit shall include the right to examine all such other books and records of the Employer as the Trustees' independent Certified Public Accountant shall deem necessary.

13. The Trustees' auditor, Daniel A. Winters & Co., audited Gold Elevator Services for the period of January 1, 2015 to December 31, 2016.  The audit found that Gold Elevator Services owes $40,676.27 in additional contributions and interest.  A balance exists for the audit of $40,676.27 in contributions and interest.  Additional interest has and will continue to accrue on this outstanding audit amount.  Gold Elevator Services also owes the audit fees associated with the audit.  These amounts remain outstanding.

14. Gold Elevator Services' contributions on behalf of its elevator constructors for the period January 1, 2015 to December 31, 2016 are late.

15. The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees file suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees

associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

16. The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs. Gold Elevator Services is bound to the Agreements and Declarations of Trust.

17. Pursuant to this provision, Gold Elevator Services is obligated to the NEI Trust Funds in the amount of $7,664.06 in liquidated damages assessed on the contributions found due in the audit, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A. For $40,676.27 in contributions and interest due for the payroll audit of January 1, 2015 to December 31, 2016, plus additional accrued interest and audit fees; and

B. For liquidated damages in the amount of $7,664.06; and

C. For attorney's fees and costs expended in bringing this lawsuit; and

D. For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

E. For all contributions and liquidated damages which become due or owing

subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

F.	For such further relief as the Court may deem appropriate.

## COUNT II

18.	The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 17 of Count I.

19.	This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

20.	Gold Elevator Services, pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

21.	Gold Elevator Services has repeatedly failed to submit timely reports or contributions to the Fund in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

A.	For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring Gold Elevator Services to submit timely contributions and report to the NEI Trust Funds.

B. For such further relief as the Court may deem appropriate.

## COUNT III

22. The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1 through 21 of Counts I and II.

23. This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual officer and/or owner, Stephen Mangold, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

24. Upon information and belief, the Defendant, Stephen Mangold, determined the total amount of the employer's (Gold Elevator Services, the company for which he is an officer and/or owner) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Stephen Mangold exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

25. Upon information and belief, as officer and/or owner of Gold Elevator Services, Defendant Stephen Mangold, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.  As such, Defendant Stephen Mangold obligated Gold Elevator Services to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour

basis.  Defendant Stephen Mangold failed to have Gold Elevator Services forward the correct contributions to the Plaintiffs for the period of the audit, January 1, 2015 to December 31, 2016.

26. Upon information and belief, as an officer and/or owner of Gold Elevator Services, Defendant, Stephen Mangold, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.  As such, Defendant Stephen Mangold obligated Gold Elevator Services to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  The Plaintiffs audited Gold Elevator Services for the period of January 1, 2015 to December 31, 2016.  A balance exists for the audit amounts of $40,676.27, plus additional accrued interest and audit fees.  Additional interest has and will continue to accrue on this outstanding audit amount.  Defendant Stephen Mangold failed to have Gold Elevator Services forward all the contributions and interest found due in the audit for the period of January 1, 2015 to December 31, 2016.

27. Gold Elevator Services signed the collective bargaining agreement with the International Union of Elevator Constructors on July 9, 2012.  (See attached).  Paragraph 7 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

28. Upon information and belief, Defendant Stephen Mangold deducted the amounts

owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds. Upon information and belief, those amounts were deposited into Gold Elevator Services' general accounts and used for purposes other than payment of the employees' benefit contributions.

29. Upon information and belief, Defendant Stephen Mangold knew that Gold Elevator Services entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs. Defendant Stephen Mangold knew that Gold Elevator Services periodically turned these amounts over to the Plaintiffs' Funds.

30. The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

31. Upon information and belief, Defendant, Stephen Mangold, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with Gold Elevator Services' general assets and used those funds to pay other creditors. Defendant exercised authority or control respecting disposition of plan assets. Thus, Defendant Stephen Mangold is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

32. Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Stephen Mangold, is jointly and severally liable for the following:

A. For $40,676.27 in contributions and interest due for the payroll audit of January 1, 2015 to December 31, 2016, plus additional accrued interest and audit fees; and

B. For liquidated damages in the amount of $7,664.06; and

C. For attorney's fees and costs expended in bringing this lawsuit; and

D. For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

E. For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

F. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: January 9, 2018

**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
By:     s/ Robert P. Curley
        Robert P. Curley
        Attorney I.D. No. 55760
By:     s/ David D. Capuano
        David D. Capuano
        Attorney I.D. No. 70238
        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 9th day of January 2018 on the following:

>Secretary of the Treasury
>15th. and Pennsylvania Ave., N.W.
>Washington, DC  20220
>ATTN: Employee Plans
>   Internal Revenue Service
>
>Secretary of Labor
>200 Constitution Avenue, N.W.
>Washington, DC  20210
>ATTN: Assistant Solicitor
>   for Plan Benefits Security

>>s/ David D. Capuano
>>David D. Capuano